## Osborn v. Osborn et al.

(Decided Dec. 9, 1932.)

JOHN L. DIXON and W. H. LEWIS for appellant.
J. M. MUNCY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Reversing.

Alleging that they were the owners of a described tract of land, the appellees, who were plaintiffs below, brought this suit against the appellant for damages on account of an alleged trespass on his part on the land in question and cutting timber therefrom. By answer and counterclaim, the defendant, now the appellant, denied the title of the plaintiffs and alleged title in himself. An amended answer alleged that at the time the plaintiffs procured the patent under which they claimed the land in controversy, there was then outstanding an older patent issued to one John S. Suazade covering said land, by reason of which the plaintiffs' patent was void and so their title failed. A reply made up the

issues. The case being submitted to the jury on the evidence adduced by the respective parties, a verdict was found in favor of the plaintiffs, and from the judgment entered on that verdict, this appeal is prosecuted.

We are of opinion that the appellant is correct in his contention that he was entitled to a peremptory instruction, at least at the close of the introduction of testimony by both parties. The case was inadequately prepared and tried, but sufficient appears to show that the plaintiffs are claiming under a patent issued to them in 1902, at which time there was outstanding an older patent, No. 47832, issued on the 5th day of July, 1872, covering the land in controversy. This being true, the patent under which plaintiffs claim was and is void. Kentucky Statutes, sec. 4704. As the plaintiffs had to recover on the strength of their own title by tracing it back to the commonwealth or by establishing it by adverse possession, and since the record discloses that they had no adequate proof of title by adverse possession and that the title which they traced back to the commonwealth was void, the court should have peremptorily instructed the jury to find for the appellant on appellees' claim of title.

Judgment reversed for a new trial consistent with this opinion.